[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
CT Page 2829
This is an action by a subcontractor as against the general contractor for materials and labor supplied in connection with the renovation to the Tower Dormitories at the University of Connecticut. The third count of the complaint as against the defendant Annulli and United States Fidelity and Guaranty Company claims payment under the payment bond finished pursuant to General Statutes § 49-41 et. seq.
The defendants plead, by special defense, that the plaintiff's cause of action on the bond is barred by the Statute of Limitations because the plaintiff commenced this action more than one year after it last furnished materials or performed work on the project, citing General Statutes § 49-42(b). The defendants move for summary judgment on that basis.
From the evidence submitted to the court it is clear that the plaintiff claims that it last furnished services or materials on March 25, 1996. From the Sheriff's return it is clear that this action was commenced by service of process on June 2, 1997.
General Statutes § 49-42(b) states in pertinent part ". . ., but no such suit may be commenced after the expiration of one year after the applicable payment date provided for in subsection (a) of section 49-41a, or, in the case of a person supplying materials or performing subcontracting work not included on a requisition or estimate, no such suit may be commenced after the expiration of one year after the date such materials were supplied or such work was performed."
General Statutes § 49-41a states, in pertinent part ": (1) A requirement that the general contractor, within thirty daysafter payment to the contractor by the state or municipality, pay any amounts due any subcontractor, whether for labor performed or materials furnished, when the labor or materials have been included in a requisition submitted by the contractor and paid by the state or a municipality" . . .
The defendants rely upon the second provision of General Statutes § 49-42b, which establishes a one year limitation period for ". . . a person supplying materials or performing subcontracting work not included on a requisition or estimate . . ." CT Page 2830
The defendant treats its entire contract with the plaintiff as if all of the work was "not included on a requisition or estimate." However, the defendants do not support this proposition by either affidavit or documentary evidence.
The plaintiff, through its affidavit of Neal J. Landerman states ". . . the plaintiff submitted requisitions for its work under the contract on A1A requisitions forms and is still owed money for work that was requisitioned." If this be the case the one year statute of limitations would not commence to run until the state or municipality had made payment to the contractor.
The defendants do not claim by affidavit or otherwise that the state has made payment to it for the work which had been included in the plaintiff's requisitions. To the contrary the defendants appear to claim in their brief that the defendants have not been paid by the state for the work which the plaintiff claims, by affidavit, were supported by appropriate requisitions. Consequently the special statute of limitations provided by General Statutes § 49-42(b) could not have expired because it had never commenced to run. The claim is of course subject to the general statute of limitations pertaining to contracts. That statute had not expired when this action was commenced.
The second matter placed in dispute by this motion concerns work attempted to be performed by the plaintiff on March 25, 1996 but which was, according to the Landerman affidavit, precluded of the plaintiff because "my workers were not permitted to go forward with work on that date by employees of OAS. No separate requisition was submitted for any work performed on that date because, under the circumstances, submitting a requisition would have been a waste of time and effort because it would have been dishonored."
This attempted work appears to be a minor part of the dollar value of the claim of the plaintiff. This raises the question of whether, if the defendant unjustifiably prevents or discourages the subcontractor from submitting a requisition, can the defendant later plead the one year statute of limitations because of the subcontractor's failure to submit a requisition for that day's work. This question is as a threshold matter which is fact bound and cannot be determined on the basis of the information submitted in connection with this motion for summary judgment. CT Page 2831
For the reasons set forth herein the defendants' motion for summary judgment is denied.
L. Paul Sullivan, J.